IN THE UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF MISSISSIPPI NORTHERN DIVISION

**MARTHA STEWART**                                                                                   **PLAINTIFF**

**VS.**                                         **CIVIL ACTION NO.:**   **3:23-cv-45-CWR-LGI**

**NEXION HEALTH, YAZOO CITY HEALTH**                                  **DEFENDANT**
**& REHABILITATION CENTER,**
**FRANCIS P. KIRLEY**

**COMPLAINT FOR DAMAGES**
**JURY TRIAL REQUESTED**

**COMES**

COMES NOW, Plaintiff Matilda Randle, as the Personal Representative of Leroy Garrett, Deceased, by and through counsel of record, and files this First Amended Complaint against the Defendants and states as follows:

1. This is a civil action to recover monetary damages for personal injuries of LEROY GARRETT, pursuant to 28 U.S. Code § 1332, complete diversity of citizenship exists between Plaintiffs and Defendant. Plaintiff is an adult resident, of the State of Mississippi and Defendant is an adult resident of the State of Alabama.  The amount in controversy exceeds $75,000.00, the Southern District of Mississippi of the United States Federal Court has subject matter over this cause of action.

2. Venue is proper in this District pursuant to 28 U.S.C. 1391(a), as Defendant caused the accident/dangerous event that forms the basis of this lawsuit in this United States District of Southern Mississippi.  At all relevant times, Plaintiff resided/conducted business within this District, the actions and/or inaction sued upon occurred in this District, the property at issue herein was at all pertinent times located in this District, and the damage to her person at issue herein, occurred in this District. Complete diversity exists in this case because none of the properly joined Defendants are citizens of the same state as Plaintiffs. Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005); Caterpillar Inc. v. Lewis, 519 U.S. 61, 67-68 (1996). Additionally, the amount in controversy exceeds the minimum jurisdictional amount, exclusive of interest and cost. 28 U.S.C. § 1332(a). Therefore, the United States District Court for the Southern District of Mississippi, has jurisdiction over this action.

INTRODUCTION

3. This is an action for personal injury and wrongful death damages arising from negligent treatment, abuse, and wrongful death of Leroy Garrett, while a patient of Yazoo City Health & Rehabilitation Center and in the care of the other Defendants, their employees, or agents from February, 1999 until November, 2003.

I. PARTIES

4. Plaintiff Martha Stewart is an adult resident citizen of Yazoo City, Yazoo County, Mississippi. Stewart is the wife of the deceased and is a wrongful death beneficiary of LeRoy Garrett.

5. Upon information and belief, Defendant Yazoo City Health & Rehabilitation Center, operates a long-term skilled nursing facility located at 925 Calhoun Avenue, Yazoo City, Mississippi, 39194.

6. Upon information and belief, Yazoo City Health & Rehabilitation Center-was at all times pertinent to this action an

entity engaged in the operation of a nursing home which claimed to "specialize" in the care of helpless individuals who are chronically infirmed, mentally dysfunctional, and/or in need of skilled nursing care and treatment.

7. Upon information and belief, Defendant Nexion Health at Yazoo City, Inc.. is a Delaware Corporation that owns, controls, and/or manages Yazoo City Health & Rehabilitation Center and may be served with process through its registered agent Corporation Service Company at 109 Executive Drive, Suite 3 in Madison, Mississippi 39110..

8. Plaintiff reserves the right to change the identity of the previously named defendant in this complaint or to add additional defendants currently identified as John Does upon obtaining evidence of liability through discovery or otherwise.

9. Upon information and belief, Francis P. Kirley is an adult non-resident of the State of Mississippi who is the president of Nexion Health at Yazoo City and who may be served with process of this court at 6937 Warfield Avenue, Sykesville, Maryland 21784.

### III. GENERAL FACTUAL ALLEGATIONS

10. LeRoy Garrett was admitted to Yazoo City Health & Rehabilitation Center pursuant to an agreement under which Yazoo City Health & Rehabilitation Center and/or other Defendants promised to provide appropriate food, shelter, and such other care as Leroy Garrett's condition reasonably required.

11. LeRoy Garrett remained a resident of Yazoo City Health & Rehabilitation Center until August 24, 2020, the date he was taken to the wound care clinic at the  of his death.

12. Leroy Garrett, upon admission to Yazoo City Health & Rehabilitation Center:
a. Had risk factors indicating he was susceptible to developing pressure ulcers;

b. Had risk factors indicating that he was susceptible to dehydration;

c. Had risk factors indicating that he was susceptible to malnutrition;

d. Had risk factors indicating that he was in need of close supervision;

e. Was able to take in food and liquids orally without the use of a feeding tube;

f. Had risk factors indicating that he had special medical needs.

13. The Defendants knew or should have known of Leroy Garrett's condition including the matters set forth in the preceding paragraph.

18. During the time LeRoy Garrett was a resident of Yazoo City Health & Rehabilitation Center
a. He developed bed sores resulting in severe infection and tissue loss;

b. He developed Sepsis secondary to decubitus ulcers;

c. He developed Anemia;

d. He developed Pneumonia;

e. He developed Urinary Tract Infections;

f. He became dehydrated;

g. He became malnourished;

h. He developed Osteomyelitis due to infection in another part of the body which was transported through the blood stream;

I. He was subjected to abuse, mistreatment, and rough handling;

j. He was kept in an unclean and unkept condition;

k. Leroy Garrett, who was previously able to leave the bed and/or ambulate, became bedridden and/or unable to walk;

14. As a result of the negligence, gross negligence and intentional infliction of emotional harm, LeRoy Garrett suffered personal injury and ultimately wrongful death.

## COUNT I

### ADMINISTRATOR'S CONDUCT

15. Plaintiff incorporates all preceding paragraphs of this Complaint as if fully re-written herein.

16. Defendant Francis P. Kirley is being sued in his individual capacities for their own acts of abuse, gross negligence and/or negligence.

17. Defendant Francis P. Kirley was at all relevant times an employee or agent of Yazoo City Health & Rehabilitation Center.

18. As such, Yazoo City Health & Rehabilitation Center and its parent companies and affiliates are vicariously liable for Defendant Francis P. Kirley's conduct and for the conduct of all other employees and agents of Yazoo City Health & Rehabilitation Center.

19. As President of Nexion and ultimately of Yazoo City Health & Rehabilitation Center, Defendant Francis P. Kirley was responsible for developing and enforcing written policies and procedures to ensure adequate care and to prevent abuse, mistreatment, or neglect of residents including Leroy Garrett.

20. As President of Nexion and ultimately of Yazoo City Health & Rehabilitation Center, Defendant Francis P. Kirley was directly or indirectly responsible for supervising the Director of Nursing, the Medical Director, and all other employees in the administration of care plans for this resident.

21. As President Nexion and ultimately of Yazoo City Health & Rehabilitation Center, Defendant Francis P. Kirley was directly or indirectly responsible for ensuring that adequate numbers of properly trained staff were hired and available to protect the health, safety, and well-being of all residents and to carry out appropriate treatment plans for all residents.

22. As President of Nexion and ultimately of Yazoo City Health & Rehabilitation Center, Defendant Francis P. Kirley was directly responsible for developing, implementing, and enforcing policies assuring prompt reporting of all incidents of abuse or neglect of or injury to residents, and also for reporting such incident to authorities as required by law.

23. As President of Nexion and ultimately of Yazoo City Health & Rehabilitation Center, Defendant Francis P. Kirley were directly responsible for ensuring that all incidents of abuse or neglect or injury of residents, were promptly and thoroughly investigated and for preventing further abuse, neglect, or injury during the investigation.

24. As President of Nexion and ultimately of Yazoo City Health & Rehabilitation Center, Defendant Francis P. Kirley was the person directly or indirectly responsible for planning, organizing, directing, and controlling the operation of Yazoo City Health & Rehabilitation Center.

25. As President of Nexion and ultimately of Yazoo City Health & Rehabilitation Center, Defendant Francis P. Kirley had a duty to exercise the same degree of care that an ordinarily prudent President/Administrator of a nursing home would exercise in carrying out his duties.

26. Upon information and belief, Defendant Francis P. Kirley, through his own actions and inactions failed to adhere to the standard of care that would be exercised by ordinarily prudent nursing home President/Administrator.

27. The pervasively inadequate environment created by the negligent and grossly negligent actions and inactions resulted in improper and negligent care and treatment of all residents. These actions and inactions included, but are not limited to:

a. Permitting negligent and or grossly negligent care and abuse;

b. Failing to report acts of neglect, gross neglect and abuse as required by law;

c. Condoning the failure of employees to immediately report to supervisory personnel acts of neglect, gross neglect, and abuse;

d. Condoning the failure of employees to immediately report to supervisory personnel matters related to the residents' condition which needed attention;

e. Condoning the failure to notify the residents' physicians and the residents' families in a timely manner, of actions which affected the residents' safety and wellbeing;

f. Failing to properly supervise the other employees in carrying out the duty to maintain acceptable nourishment, cleanliness, hydration, body weight, protein levels, or other indicators of appropriate nutritional status of the residents' and the duty to provide LeRoy Garrett with a therapeutic diet when there was a nutritional problem;

g. Failing to properly supervise the Director of Nursing and the Medical Director in carrying out the duty to prevent residents who entered Yazoo City Health & Rehabilitation Center without pressure sores, from developing pressure sores and the duty to provide necessary treatment and services to promote healing, prevent infection and prevent new sores from developing, once they developed;

h. Failing to require the proper number and training of employees;

i. Failing to keep the environment as free of accident hazards as possible;

j. Failing to provide adequate staff to provide adequate supervision and assistance devices to prevent accidents, and to promote therapeutic recovery;

k. Failing to properly supervise those employees directly responsible for developing and maintaining an appropriate care plan to meet this resident's medical, nursing, mental and psychosocial needs;

l. Failing to provide sufficient numbers of adequately trained personnel to provide appropriate nursing care to this resident and other resident in accordance with appropriate resident care plans;

m. Failing to discharge employees when he knew or should have known of the employees' propensities for negligent care or abuse of residents;

n. Condoning and thus allowing and/ or encouraging, untrained/unlicensed or inadequately trained individuals to provide care to this resident;

o. Failing to ensure proper training for employees to deal with residents, including this resident, who were unable to

care for themselves;

p. Failing to ensure proper training of employees to recognize medical conditions/symptoms which required additional treatment, and which required this resident's transfer to the hospital and caused or hastened untimely death;

q. Failing to properly investigate the background of prospective employees;

r. Failing to properly supervise employees;

s. Failing to notify superiors of Yazoo City Health & Rehabilitation Center employees' failure to properly care for residents, including this resident;

28. The foregoing described negligent and grossly negligent acts and/or omissions breached a duty of ordinary care and diligence to this resident and as a direct result and proximate cause of said breach of duty, this patient sustained injury, pain, damages, and wrongful death.

29. The aforementioned acts and non-actions of President of Nexion and ultimately of Yazoo City Health & Rehabilitation Center, Defendant Francis P. Kirley were outrageous and performed willfully, wantonly, and with complete and reckless disregard of this resident's rights, and in reckless indifference to the rights of others, and those acts further shock the conscience of the community. As a direct result of negligent and grossly negligent acts of President of Nexion and ultimately of Yazoo City Health & Rehabilitation Center, Defendant Francis P. Kirley, which may or may not have included physical contact with this resident, LeRoy Garrett was caused to sustain serious personal injuries, endure great physical pain, degradation, severe mental anguish, and, finally, wrongful death.

30. President of Nexion and ultimately of Yazoo City Health & Rehabilitation Center, Defendant Francis P. Kirley's failure to carry out the duties set forth above constitutes a violation of Miss. Code Ann. §43-47-19 which makes it unlawful for any person "to commi[t] an act or omi[t] the performance of any duty, which act or omission contributes to, tends to contribute to or results in the abuse, neglect or exploitation of any vulnerable adult..."

31. This failure contributed to or tended to contribute to abuse, neglect, gross neglect, or exploitation of this resident.

32. LeRoy Garrett falls within the class of persons this statute is intended to protect, thus entitling her to adopt such laws as the standard of care for measuring this defendant's conduct. Thus, the Plaintiff asserts that the conduct of President of Nexion and ultimately of Yazoo City Health & Rehabilitation Center, Defendant Francis P. Kirley and his entire staff, amounts to negligence per se.

33. Upon information and belief, President of Nexion and ultimately of Yazoo City Health & Rehabilitation Center, Defendant Francis P. Kirley wrongfully failed to carry out these duties which proximately caused injuries to and caused the wrongful death of the Leroy Garrett. Separate and apart from Miss. Code Ann. §43-47-19, this Defendant's conduct failed to meet the standard of care in the nursing home industry owed by an Administrator to residents such as this resident thus constituting common law negligence and gross negligence as to amount to actual malice and willful, wanton or reckless disregard for the safety of Leroy Garrett.

## COUNT II

### DIRECTORS OF NURSING CONDUCT

34. Plaintiff incorporates all preceding paragraphs of this Complaint as if fully re-written herein.

35. The DIRECTORS OF NURSING includes local and are being sued in their professional capacity for their acts of abuse and/or negligence.

36. The DIRECTORS OF NURSING were also at all relevant times an employee or agent of Nexion via Yazoo City

Health & Rehabilitation Center or their affiliates.

37. As such, Yazoo City Health & Rehabilitation Center and its parent companies and affiliates are vicariously liable for the DIRECTORS OF NURSING'S conduct.

38. The DIRECTORS OF NURSING had a duty to supervise the nursing staff of Yazoo City Health & Rehabilitation Center which included making sure that all changes in Leroy Garrett's condition and all incidents affecting this resident's health, safety, and condition were promptly and properly addressed and recorded.

39. The DIRECTORS OF NURSING had a duty to assess the nursing care needs of residents, and to make appropriate recommendations to the Administrator concerning the number and level of training of nursing personnel needed to be employed to provide proper care for all residents including this resident.

40. The DIRECTORS OF NURSING had a duty to participate in the development and implementation of an appropriate care plan for LeRoy Garrett and to regularly review this resident's plan to assure that it was appropriate and that needed services and care were being provided.

41. The DIRECTORS OF NURSING had a duty to coordinate the health, medical, nursing, and other resident care services for this resident.

42. The DIRECTORS OF NURSING had a duty to regularly review Leroy Garrett's medical records and to assure that orders were appropriately carried out.

43. The DIRECTORS OF NURSING had a duty to assure that matters related to this resident's health and safety and changes in her condition were promptly brought to the attention of the Medical Director, attending physicians, and her family.

44. The DIRECTORS OF NURSING had a duty to promptly and appropriately respond to all reports of incidents related to this resident's health and safety or change in her condition.

45. The DIRECTORS OF NURSING had a duty to exercise the care that would have been exercised by a prudent nursing director of a nursing home in carrying out the above duties.

46. Upon information and belief, the DIRECTORS OF NURSING failed to carry out these duties which constitutes a violation of Miss. Code Ann. §43-47-19 which makes it unlawful for any person "to commi[t] an act or omi[t] the performance of any duty, which act or omission contributes to, tends to contribute to or results in the abuse, neglect or exploitation of any vulnerable adult...."

47. This failure contributed to or tended to contribute to abuse, neglect, gross neglect, or exploitation of Leroy Garrett.

48. LeRoy Garrett falls within the class of persons that this statute is intended to protect, thus entitling her to adopt such laws as the standard of care for measuring Defendant's conduct. Thus, the Plaintiff asserts that the conduct of the DIRECTOR OF NURSING amounts to negligence per se.

49. Upon information and belief, the DIRECTORS OF NURSING wrongfully failed to carry out these duties which proximately caused injuries to and caused the wrongful death of this resident.

50. Separate and apart from Miss. Code Ann. §4347-19, the DIRECTORS OF NURSINGS' conduct failed to meet the standard of care in the nursing home industry owed by DIRECTORS OF NURSING to residents such as LeRoy Garrett thus constituting common law negligence and gross negligence as to amount to actual malice and willful, wanton, or reckless disregard for the safety of Leroy Garrett.

## COUNT III

## MEDICAL DIRECTORS

51. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully re-written herein.

52. The MEDICAL DIRECTORS are being sued in their professional capacity for acts of abuse and/or negligence.

53. The MEDICAL DIRECTORS were also at all relevant times employees or agents of Nexion via Yazoo City Health & Rehabilitation Center.

54. As such, Yazoo City Health & Rehabilitation Center and its parent companies and affiliates are vicariously liable for the MEDICAL DIRECTORS' conduct.

55. The MEDICAL DIRECTORS had a duty to coordinate and oversee Leroy Garrett's medical care while a resident of Yazoo City Health & Rehabilitation Center.

56. This duty included the duty of assuring that appropriate medical care, therapy, medications, and diet were being provided to her.

57. The MEDICAL DIRECTORS had a duty to review and monitor Leroy Garrett's care plan to assure that the care she was to receive was appropriate and to intervene and revise any inappropriate or inadequate care set forth in the plan.

58. The MEDICAL DIRECTORS had a duty to regularly review this resident's medical records to assure that the care being provided was appropriate and that necessary medical care was being provided.

59. The MEDICAL DIRECTORS had a duty to identify inadequate or inappropriate medications, diet, therapy, treatment, surgery and neglect or abuse of this resident and to respond by taking appropriate steps to correct the situation.

60. The MEDICAL DIRECTORS had a duty to evaluate and respond by correcting all inadequate or inappropriate care received by any resident and particular this resident, by taking appropriate steps to correct the situation.

61. The MEDICAL DIRECTORS had a duty to visit and evaluate this resident at least monthly or more often as his condition required.

62. The MEDICAL DIRECTORS had a duty to ensure that policies were in place and were being used to initially and periodically conduct, record and report to the other Defendants the results of an accurate and comprehensive assessment of the functional capacity of each resident of Yazoo City Health & Rehabilitation Center.

63. The MEDICAL DIRECTORS had a duty to ensure that sufficient numbers and adequately trained staff were available to provide residents of Yazoo City Health & Rehabilitation Center with nursing and other services needed for safe residents' care.

64. The MEDICAL DIRECTORS had a duty to see that all residents attained and maintained the highest possible physical, mental, and psychosocial wellbeing.

65. The MEDICAL DIRECTORS had a duty to exercise the care that would be exercised by a prudent medical director in a nursing home in carrying out the above duties.

66. Upon information and belief, the MEDICAL DIRECTORS' failure to carry out these duties constitutes a violation of Miss. Code Ann. §43-47-19 which makes it unlawful for any person "to commi[t] an act or omi[t] the performance of any duty, which act or omission contributes to, tends to contribute to or results in the abuse, neglect or exploitation of any vulnerable adult..."

67. This failure contributed to or tended to contribute to abuse, neglect, gross neglect, or exploitation of Leroy Garrett.

68. LeRoy Garrett falls within the class of persons that this statute is intended to protect, thus entitling her to adopt such laws as the standard of care for measuring this Defendant's conduct.

69. Thus, the Plaintiff asserts that the conduct of the MEDICAL DIRECTORS amounts to negligence per se.

70. Upon information and belief, the MEDICAL DIRECTORS wrongfully failed to carry out these duties which proximately caused injuries to and caused the wrongful death of the Leroy Garrett.

71. Separate and apart from Miss. Code Ann. §43-47-19, the MEDICAL DIRECTORS' conduct failed to meet the standard of care in the nursing home industry owed by medical directors to residents such as LeRoy Garrett thus constituting common law negligence and gross negligence as to amount to actual malice and willful, wanton or reckless disregard for the safety of Leroy Garrett.

**COUNT IV**

**YAZOO CITY HEALTH & REHABILITATION CENTER AND ITS LICENSEES/ OWNERS CONDUCT AND LIABILITY**

72. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully re-written herein.

73. Defendants Nexion Health, Yazoo City Health & Rehabilitation Center, Francis P. Kirley are licensees, owners, or affiliated corporations in a control group with Yazoo City Health & Rehabilitation Center.

74. These Defendants served as agents of Nexion Health via Yazoo City Health & Rehabilitation Center, its Licensees/Owners and/or Yazoo City Health & Rehabilitation Center.

75. Nexion Health via Yazoo City Health & Rehabilitation Center, its Licensees/Owners, and affiliates held Yazoo City Health & Rehabilitation Center out to be a specialist in the field of adult nursing care, with the expertise, staff, and resources necessary to maintain the health and safety of persons unable to care adequately for themselves.

76. Yazoo City Health & Rehabilitation Center and its Licensees/Owners were under a contractual duty to provide reasonable and adequate nursing home care to Leroy Garrett.

77. At all times pertinent hereto, LeRoy Garrett was a resident of Yazoo City Health & Rehabilitation Center pursuant to the terms of the Resident Admission Agreement, and as such, was under the exclusive control and care of the employees and agents of Yazoo City Health & Rehabilitation Center, its Licensees/Owners, and affiliates.

78. Yazoo City Health & Rehabilitation Center, its Licensees/Owners, affiliates and their agents and employees failed, refused, or neglected to perform their duties to provide reasonable and adequate health care for Leroy Garrett, who was unable to attend to his own health and safety.

79. While LeRoy Garrett was a resident at Yazoo City Health & Rehabilitation Center, he was subjected to actions earlier set out in this Complaint and sustained serious injuries having occurred as a direct result of the improper care provided by Yazoo City Health & Rehabilitation Center, its Licensees/Owners, affiliates, and/or their employees, agents, and representatives, including mental and physical injury, pain and suffering and, ultimately, wrongful death.

80. While this resident was at Yazoo City Health & Rehabilitation Center, he sustained serious injuries including emotional trauma and physical injuries leading to his wrongful death, said injuries having occurred as a direct result of the improper care provided by these defendants.

81. Upon information and belief, the mistreatment by Yazoo City Health & Rehabilitation Center, its Licensees/Owners, affiliates and/or their employees, agents and representatives included, but was not limited to, the

following:

a. Permitting negligent care and abuse of this resident;

b. Failing to report acts of neglect and abuse of this resident as required by law;

c. Condoning the failure of employees to immediately report to supervisory personnel, acts of neglect and abuse of this resident;

d. Condoning the failure of employees to immediately report to supervisory personnel matters related to Leroy Garrett's condition which needed attention;

e. Failing to notify this resident's treating physician and his family in a timely manner of actions which affected her safety and wellbeing;

f. Failing to maintain acceptable body weight, hydration, protein levels, and other indicators of appropriate nutritional status of this resident;

g. Failing to provide him with a therapeutic diet when there was a nutritional

h. Failing to prevent Leroy Garrett, who entered Yazoo City Health & Rehabilitation Center wound free from developing pressure sores;

i. Failing to provide necessary treatment and services to promote healing of pressure sores, prevent infection and prevent new sores from developing;

j. Failure to provide necessary treatment and service to prevent urinary tract infection;

k. Failing to properly train employees to deal with residents who were likely to develop pressure sores;

l. Failing to keep this resident's environment as free of accident hazards as was possible;

m. Failing to provide her with adequate supervision and assistance devices to prevent accidents;

n. Failing to develop and maintain an appropriate care plan to meet Leroy Garrett's medical, nursing, mental and psychosocial needs;

o. Failing to adhere to an appropriate care plan for Leroy Garrett;

p. Failing to conduct appropriate and adequate assessment of his condition on admission, at appropriate regular intervals and after a significant change in his condition;

q. Failing to provide sufficient numbers of adequately trained personnel to provide appropriate nursing care to LeRoy Garrett in accordance with his resident care

r. Failing to discharge employees when the facility knew or should have known of the employees' propensities for negligent care or abuse of residents;

s. Condoning and thus allowing untrained/unlicensed or inadequately trained individuals to provide care to Leroy Garrett;

t. Failing to properly train employees to deal with residents, including this resident, who were unable to care for themselves;

u. Failing to train employees to recognize medical conditions/symptoms which required additional treatment, and

which caused or hastened his untimely death;

v. Failing to properly investigate the background of prospective employees;

w. Failing to properly supervise the Administrator and management of Yazoo City Health & Rehabilitation Center;

x. Failing to notify the Mississippi Attorney General's office of Yazoo City Health & Rehabilitation Center's failure to properly care for residents, including Leroy Garrett, as required by law.

82. As a direct result of the negligence, gross negligence and abuse of Yazoo City Health & Rehabilitation Center, its Licensee/Owner, affiliates and their the agents and employees, LeRoy Garrett sustained serious personal injuries, endured great physical pain and mental anguish, and wrongful death.

83. Damages will be in an amount to be proven at trial but are within the jurisdictional amount of this Court.

84. That the aforementioned acts of Yazoo City Health & Rehabilitation Center, its Licensee/Owner, affiliates, and its employees involved physical contact with LeRoy Garrett and were outrageous and performed willfully, wantonly and with complete and reckless disregard of his rights and in reckless indifference to the rights of others, and in that those acts further shock the conscience of the community, plaintiff seeks punitive damages.

85. Upon information and belief, Yazoo City Health & Rehabilitation Center and its Licensee/Owner failed to carry out these duties which constitutes a violation of Miss. Code Ann. §43-47-19 which makes it unlawful for any person "to commi[t] an act or omi[t] the performance of any duty, which act or omission contributes to, tends to contribute to or results in the abuse, neglect or exploitation of any vulnerable adult..."

86. This failure contributed to or tended to contribute to abuse, neglect, gross neglect, or exploitation of Leroy Garrett.

87. LeRoy Garrett falls within the class of persons that this statute is intended to protect, thus entitling LeRoy Garrett to adopt such laws as the standard of care for measuring defendant's conduct. Thus, the Plaintiff asserts that the conduct of Yazoo City Health & Rehabilitation Center, its Licensee/Owner, and affiliates amounts to negligence per se.

88. Upon information and belief, Yazoo City Health & Rehabilitation Center and its Licensee/Owner wrongfully failed to carry out these duties which failure proximately caused injuries to and caused the wrongful death of this resident.

89. Separate and apart from Miss. Code Ann. §43-47-19, the conduct of Yazoo City Health & Rehabilitation Center and its Licensee/Owner failed to meet the standard of care in the nursing home industry owed by Yazoo City Health & Rehabilitation Center and its Licensee/Owner to LeRoy Garrett thus constituting common law negligence and gross negligence as to amount to actual malice and willful, wanton or reckless disregard for the safety of Leroy Garrett.

## COUNT V

### INFLICTION OF EMOTIONAL DISTRESS

90. Plaintiff incorporates all preceding paragraphs of this Complaint as if fully re-written herein.

91. The acts of each of the Defendants set forth above were outrageous and performed willfully, wantonly and with complete and reckless disregard of Leroy Garrett's rights and in reckless indifference to the rights of others. Those acts further shock the conscience of the community and caused LeRoy Garrett to suffer severe mental anguish and emotional distress.

## COUNT VI

### MISREPRESENTATION AND COMMON LAW FRAUD

92. Plaintiff incorporates all preceding paragraphs of this Complaint as if fully written herein.

93. When LeRoy Garrett was admitted to Nexion Health via Yazoo City Health & Rehabilitation Center, Yazoo City Health & Rehabilitation Center and one or more of its agents or other Defendants named above made the following representations to her.
a. Yazoo City Health & Rehabilitation Center was a facility with the resources and expertise to provide appropriate care to the chronically infirm, mentally dysfunctional, and/or those in need of skilled nursing care and treatment;

b. Yazoo City Health & Rehabilitation Center and its agents would provide appropriate care for him; and

c. Other representations and promises to his family regarding the cleanliness, personal hygiene, quality and quantity of professional nursing and safety protection that would be provided.

94. These representations were false.

95. These representations were material to the contract to care for Leroy Garrett.

96. Those who made these representations either knew or should have known of their falsity and acted with disregard to the truth of their statements.

97. The defendants knew or should have known that Yazoo City Health & Rehabilitation Center did not have the resources to provide appropriate care and supervision to its residents and that it had previously failed to provide adequate care to residents and that Leroy Garrett, therefore, could not be assured of being properly cared for.

98. Those making these representations intended LeRoy Garrett and his family to act on these representations by entering into an agreement for LeRoy Garrett to be admitted to Yazoo City Health & Rehabilitation Center.

99. LeRoy Garrett and his family were ignorant of the falsity of these representations.

100. LeRoy Garrett and his family relied on these representations.

101. LeRoy Garrett and his family had a right to rely on these representations.

102. LeRoy Garrett suffered injuries and wrongful death set forth elsewhere in this Complaint as a proximate result of these misrepresentations.

## COUNT VII

### INFLICTION OF PHYSICAL PAIN AND DISTRESS

103. Plaintiff incorporates all preceding paragraphs of this Complaint as if fully re-written herein.

104. The acts of each of the Defendants set forth above were outrageous and performed willfully, wantonly and with complete and reckless disregard of Leroy Garrett's rights and in reckless indifference to the rights of others. Those acts further shock the conscience of the community and caused LeRoy Garrett to suffer severe mental physical anguish and physical distress.


WHEREFORE, Plaintiff prays for:

A. Judgment on Counts I through VI this Complaint in an amount to be proven at trial, but in excess of the minimum jurisdictional amount of the Court;

B. Medical expense and funeral expense;

C. Past mental and physical pain, distress, physical and mental suffering;

D. Damages for the wrongful death of Leroy Garrett;

E. Miscellaneous expenses incurred by the LeRoy Garrett and Plaintiff, including but not limited to funeral, burial, and travel expenses to and from the hospital and or morgue, necessitated by the negligent acts of the Defendants or those whose actions for which they were responsible;

F. Exemplary and punitive damages on each Count herein in an amount reasonably calculated to prevent the culpable defendants and others from engaging in such conduct in the future;

G. Pre-judgement and post-judgement interest where applicable;

H. For Trial by Jury on those issues so triable;

I. For Plaintiffs costs, including reasonable attorney's fees, incurred in connection with this matter; and

J. For any and all other relief to which Plaintiff may be entitled in law or equity.

**RESPECTFULLY SUBMITTED**, this the 18th day of January, 2023.

BY:  /s/ *Daniel E. Morris*

**DANIEL MORRIS, MSB #102723**
*Attorney for Plaintiff*

**OF COUNSEL:**

**DANIEL E. MORRIS LAW FIRM, PLLC.**
**P.O. BOX 40811**
**BATON ROUGE, LA. 70835**
- **P:** 888 966-7747
- **F:** 877-966-7747
- **E:** danielmorris@demlawfirm.com
  genara@demlawfirm.com
- **W:** www.demlawfirm.com